IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01901-BNB

TIMOTHY HAWKINS,

    Plaintiff,

v.

FOURTH JUDICIAL DISTRICT COURT, El Paso County, Colorado, a representative of
    the State of Colorado,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Timothy Hawkins, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hawkins filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 challenging the validity of his convictions in a number of state court criminal cases. As relief he seeks damages and to have the convictions vacated.

    The Court must construe the Prisoner Complaint liberally because Mr. Hawkins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below,

the Court will dismiss the action.

Mr. Hawkins contends in the Prisoner Complaint that his state court criminal convictions must be vacated because the trial court lacked subject matter jurisdiction because he was not indicted by a grand jury.

Mr. Hawkins may not pursue his claims to have his state court criminal convictions vacated in this civil rights action pursuant to 42 U.S.C. § 1983 because his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  Mr. Hawkins may pursue any habeas corpus claims in this Court, after exhausting state remedies, by filing an application for writ of habeas corpus on the proper form naming a proper Respondent.

Mr. Hawkins may seek an award of damages in a civil rights action pursuant to § 1983.  However, his claims for damages in this action must be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if

success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Hawkins' claims in the Prisoner Complaint implicate the validity of his state court criminal convictions. There is no indication in the Prisoner Complaint that he has invalidated those convictions. Therefore, Mr. Hawkins' claims for damages are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Plaintiff may not seek habeas corpus relief in this action pursuant to 42 U.S.C. § 1983 and his claims for damages are barred by the rule in *Heck*. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of    July        , 2014.

BY THE COURT:

   s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court